FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE   2009 FEB -5 PM 12: 52

| | |
|---|---|
| SARA INGRAFFIA,              ) | |
|                              ) | |
| Plaintiff,                   ) | |
|                              ) | |
| v.                           ) | CAUSE NO: **4:09CV0011 AS** |
|                              ) | |
| BOMAR FOODS, INC.            ) | |
| d/b/a Wendy's; &             ) | |
| FROSTY MANAGEMENT CORP.      ) | |
| d/b/a Wendy's.               ) | |
|                              ) | |
| Defendant.                   ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sara Ingraffia (hereinafter "Ingraffia"), by counsel, for her causes of action against Defendant BoMar Foods, Incorporated (hereinafter "BoMar") and Defendant Frosty Management Corporation (hereinafter "Frosty"), alleges and states as follows:

### I. NATURE OF THE CASE

1. Ingraffia brings this action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended 42 U.S.C. §2000e *et. seq.*, alleging sexual harassment, sex discrimination, and retaliation.

### II. PARTIES

2. Ingraffia has resided and/or worked within the Northern District of Indiana, Hammond Division at Lafayette, Indiana, at all relevant times.

3. BoMar has maintained one or more offices in and conducts business in the Northern District of Indiana, Hammond Division at Lafayette, Indiana, at all relevant times.

1

4. Frosty has maintained one or more offices in and conducts business in the Northern District of Indiana, Hammond Division at Lafayette, Indiana, at all relevant times.

5. BoMar is the owner of the establishment located at 1064 West Broadway, Monticello, Indiana 47960.

6. Frosty is paid by BoMar to provide management services in the operation of its business, including the business located at 1064 West Broadway, Monticello, Indiana 47960.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 2000e-5(f)(3).

8. BoMar and Frosty are "employers" as that term is defined by 42 U.S.C. §2000e(b).

9. Ingraffia is an "employee" as that term is defined by 42 U.S.C. §2000e(f).

10. Ingraffia satisfied her obligation to exhaust her administrative remedies by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of sex, sexual harassment, and retaliation. Ingraffia received her *Dismissal and Notice of Rights* and timely filed her Complaint within ninety (90) days of receipt thereof.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Northern District of Indiana, Hammond Division at Lafayette.

## IV. FACTUAL ALLEGATIONS

12. Ingraffia is a female.

13. Ingraffia commenced her employment with the BoMar and Frosty on or about August 16, 2006, as an hourly employee.

14. Throughout her employment, Ingraffia continuously met the legitimate and reasonable performance expectations associated with her respective position.

15. During her employment, Brian Hodge, a male, supervised Ingraffia. During her employment, Ingraffia worked with a male coworker named Bill Nunley.

16. Shortly after working with Nunley, Ingraffia began to experience unwanted sexual advances and overtures from Nunley. By way of example and not limitation, Nunley would often intentionally bump into Ingraffia and grab her on the waste or arms. Nunley would pull Ingraffia close to him when their bodies bumped together, and he even made the comment, "do you like that, what, you don't like that." Nunley would constantly say "I love you" to Ingraffia. On many occasions, Nunley would push his groin into Ingraffia's buttox, and Nunley would brush up against Ingraffia's breasts.

17. Ingraffia objected to Nunley's advances and told Nunley to stop. Ingraffia found the sexual advances unwelcome and subjectively severe or pervasive.

18. When Ingraffia realized the sexual advances by Nunley would not stop, she complained to her direct supervisor, Hodge. Ingraffia stepped into Hodge's office while Hodge was working on the computer. She stated, among other things, that Nunley was very touchy with her, that Nunley made her and others feel uncomfortable, and Nunley was making unwanted and continuous sexual advances towards her. Hodge stared at the computer screen the whole time and ignored Ingraffia.

3

19. After complaining about Nunley the first time to Hodge, Ingraffia made another complaint about Nunley to Hodge a second time when the sexual advances did not stop.

20. Ingraffia typically worked around thirty-three (33) hours per week.

21. After complaining to Hodge about Nunley, Ingraffia's hours were reduced to twenty (20) hours per week. When Ingraffia asked Hodge why her hours were cut, he said they were cut to teach Ingraffia a lesson. When Ingraffia asked what lesson needed to be tought, Hodge walked out without providing an explanation.

22. In or around October of 2007, when Ingraffia received only twenty (20) hours per week, new hires and employees returning from leave received over twenty (20) hours per week. The employees who received over twenty (20) hours per week during this time period did not submit a complaint of sexual harassment to management.

23. Over the next few weeks, Ingraffia's hours continued to be reduced.

24. Because BoMar and Frosty failed to effectively respond to the sexual harassment, and because Ingraffia's hours were reduced in retaliation for complaining about sexual harassment, Ingraffia was constructively discharged in November of 2007.

25. Nunley was never subject to written disciplinary action for his behavior towards Ingraffia.

26. Nunley was not terminated for his behavior towards Ingraffia.

27. During her tenure with the Defendant, Ingraffia was never formally disciplined for performance based issues.

28. During her tenure with the Defendant, Ingraffia was never formally disciplined for her attitude or customer relations.

4

29. During her tenure with the Defendant, Ingraffia was never formally disciplined for allegedly having an unhappy or unpleasant disposition.

30. During her tenure, Ingraffia never received a written performance evaluation from Hodge.

31. On two separate occasions before her employment ended, Ingraffia notified Hodge of Nunley's unwanted and offensive sexual advances.

32. Similarly situated employees who did not complain about sexual harassment retained their normal hours in October and November of 2007.

33. Nunley's sexual advances and behavior towards Ingraffia were severe or pervasive.

34. Ingraffia suffered injury as a result of the events described in paragraphs twelve (12) through thirty-three (33) of this Complaint.

## V. CLAIMS

### COUNT I - TITLE VII, SEXUAL DISCRIMINATION

35. Ingraffia incorporates paragraphs one (1) through thirty-four (34) of her Complaint as if they were set forth at length herein.

36. BoMar and Frosty intentionally and willfully discriminated against Ingraffia because of her sex in violation of Title VII. BoMar and Frosty constructively discharged Ingraffia because of her sex.

37. BoMar and Frosty's discriminatory practices have caused Ingraffia to suffer damages.

## COUNT II - TITLE VII, SEX HARASSMENT/HOSTILE ENVIRONMENT

38. Ingraffia incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if they were set forth at length herein.

39. BoMar and Frosty negligently allowed Ingraffia to be subject to harassment because of her sex. Nunley's conduct, BoMar's negligence, and Frosty's negligence, implied that unwelcome sexual advances and verbal or physical conduct of a sexual nature were made a term or condition of Ingraffia's continued employment. The unwelcome sexual advances had the purpose or effect of unreasonably interfering with Ingraffia's work performance or creating an intimidating, hostile, or offensive working environment.

40. BoMar and Frosty acted with intent, malice, and/or reckless disregard as to Ingraffia's legal rights under Title VII.

41. BoMar and Frosty's discriminatory practices have caused Ingraffia to suffer damages.

## COUNT III - TITLE VII - RETALIATION

42. Ingraffia incorporates paragraphs one (1) through forty-one (41) of her Complaint as if they were set forth at length herein.

43. BoMar and Frosty exposed itself to liability for retaliation pursuant to 42 U.S.C. § 2000e-3.

44. Ingraffia opposed Nunley's sexual harassment, and voiced her opposition to Hodge. Because Ingraffia opposed the sexual harassment, Hodge reduced Ingraffia's hours under false pretenses. As a result, Ingraffia was constructively discharged.

45. BoMar and Frosty acted with intent, malice, and/or reckless disregard as to

Ingraffia's legal rights under Title VII.

46. BoMar and Frosty's discriminatory practices have caused Ingraffia to suffer damages.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff Sara Ingraffia, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All lost wages, benefits, compensation, and other monetary relief to make her whole;

2. Compensatory and punitive damages;

3. Reinstatement and/or front pay/benefits;

4. All costs and attorney's fees incurred as a result of bringing this action;

5. Pre- and post-judgment interest on all sums recoverable; and

6. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

John H. Haskin (#7576-49)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN 46204-2131
Phone: (317) 955-9500
Fax: (317) 955-2570
jhaskin@hllglaw.com
Attorney for Plaintiff

7

Respectfully submitted,

*Ryan Sink* [signature]

Ryan P. Sink (#27350-29)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN  46204-2131
Phone:  (317) 955-9500
Fax:     (317) 955-2570
Rsink@hlllaw.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff Sara Ingraffia, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted,

*Ryan Sink* [signature]

Ryan P. Sink (#27350-29)
HASKIN LAUTER & LaRUE
255 North Alabama Street
Indianapolis, IN  46204-2131
Phone:  (317) 955-9500
Fax:     (317) 955-2570

Attorney for Plaintiff

8